UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
:
DIRAL HUGGINS, :
:
                  Plaintiff, :   MEMORANDUM DECISION
:          AND ORDER
         -against- :
:    14-cv-06468 (GBD) (JLC)
COMMISSIONER DORA SCHRIRO & :
WARDEN CARLTON NEWTON, :
:
                Defendants. :
:
------------------------------------- x

GEORGE B. DANIELS, District Judge:

        On August 12, 2014, Plaintiff Diral Huggins, proceeding *pro se*, commenced this action under 42 U.S.C. § 1983. (Complaint, (ECF No. 1).) The case was first assigned to another judge in this district, and, on November 4, 2014, finding that Huggins's Complaint had failed to satisfy the standards articulated in the Federal Rules of Civil Procedure, the judge ordered Huggins to amend his Complaint within sixty days to include the information necessary to state a claim. (*See* Order, (ECF No. 5), at 2, 6-7.) Huggins was then granted two additional extensions, (*see* ECF Nos. 7, 9), and on April 9, 2015 he timely filed his Amended Complaint, (*see* Amended Complaint, (ECF No. 10)). The case was then reassigned to this Court, and on May 7, 2015, referred to Magistrate Judge Cott. (Order of Reference to a Magistrate Judge, (ECF No. 14).)

        In his Complaint, Huggins alleged that Defendants Dora Schriro, Commissioner of New York City's Department of Correction, and Carlton Newton, Warden of the Anna M. Kross Center ("AMKC"), violated his constitutional rights under the Fifth, Seventh, Eighth, and Fourteenth Amendments. Specifically, Huggins alleged his rights were violated because:

>(1) the sneakers issued by the correctional facility were too thin and slippery, and this prevented him from participating in outdoor recreation during winter months; (2) during the same time period, he was consistently served "cold or lukewarm" food; (3) the condition of his cell did not meet heating requirements and he was deprived of sufficient blankets; (4) such conditions—lack of exercise and exposure to cold—exacerbated his asthma and caused his health to decline generally; (5) visitation with his family was limited; (6) his access to the law library was restricted; and (7) his usage of the telephone was limited.

(Report & Recommendation ("Report"), (ECF No. 33), at 2-3.)[1]

On July 21, 2015, the Defendants filed a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., arguing that Huggins (1) failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act of 1995, (2) failed to sufficiently plead defendants' personal involvement in the purported violations of his constitutional rights, and (3) failed to state a cause of action. (Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint, (ECF No. 22), at 10.) Huggins opposed this motion on September 29, 2015, (Plaintiff's Reply Memoranda [sic] of Law ("Huggins Reply"), (ECF No. 29)), and the Defendants replied on October 8, 2015, (Reply Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint, (ECF No. 31) at 1).

On November 19, 2015, Magistrate Judge Cott issued a Report and Recommendation addressing the Defendants' motion to dismiss. (Report at 1, 22.) The Report rejected the Defendants' argument that the record demonstrated that Huggins had failed to exhaust his administrative remedies. (*Id.* at 9.) Nevertheless, it recommended that the Defendants' motion to dismiss be granted because: (1) Huggins had not pleaded either Defendants' personal involvement in the purported constitutional violations, an element that must be pleaded and eventually proven

---

[1] The Court has reviewed Huggins's filings and has determined that the Report accurately summarized Huggins's allegations.

2

to succeed on a Section 1983 claim against individual defendants,[2] (*id.* at 9-11); and (2) neither Huggins's allegations regarding the conditions of his confinement nor those pertaining to his law library and telephone usage rose to the level of constitutional violations, (*id.* at 12-21). Finally, acknowledging that courts typically grant *pro se* plaintiffs an opportunity to amend their complaints to replead factually insufficient claims, the Report concluded that granting Huggins the right to again amend his Complaint was not warranted given that he had already formally amended once, and because the court had liberally construed the brief Huggins had filed in opposition to the Defendants' motion to dismiss so that it effectively amounted to another pleading. (*Id.* at 21-22.) Based on these circumstances, the court concluded that any further amendment would be futile, and recommended that Huggins's action be dismissed with prejudice. (*Id.* at 21-22.)

The Report notified the parties that failure to file an objection within fourteen days would result in a waiver of objections and would preclude appellate review. (*Id.* at 23.) Huggins timely filed objections to the Report, pursuant to Rule 72 of the Federal Rules of Civil Procedure.[3] ("Plaintiff's Response to Defendants [sic] Report And/Or Recommendation Motion To Dismiss, Amended Complaint ("Objections"), (ECF No. 36).)

---

[2] *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *see Liner v. Fischer*, 2013 WL 3168660, at *7 (S.D.N.Y. June 24, 2013) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

[3] Huggins was served with a copy of the Report on November 23, 2015. (*See* attachment to this Memorandum Decision and Order ("Attachment") at 1); Letter, (ECF No. 36), at 15.)) On November 30, 2015, Huggins submitted a letter requesting that the Court extend the time to file his objections to January 5, 2016. (Attachment at 3.) The Court granted the request. (Order Granting Motion for Extension of Time, (ECF No. 28)). Huggins submitted his objections to prison authorities on January 4, 2016, one day before the extension was set to expire. (Objections Affidavit of Service (ECF No. 36 at 14)). On January 5, 2016, Huggins submitted a letter requesting that the Court accept his objections as timely filed because he had not received a copy of the order granting his extension request. (Letter at 15.) The Court accepts Huggins's objections as timely filed and considers them herein.

## STANDARD OF REVIEW

Courts "may accept, reject, or modify, in whole or in part, the findings and recommendations" set forth within a magistrate judge's report. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(3). Courts must review *de novo* the portions of a magistrate judge's report to which a party properly objects. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). Improper objections, such as those "that are 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers], will not suffice to invoke *de novo* review.'" *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting *Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)) (alteration in *Phillips*). Likewise, conclusory or general objections are also reviewed only for clear error. *Id.* An error is clear when courts, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (citing *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

It is worth noting that Rule 72(b)(2) states that a party may file "*specific* written objections to the proposed findings and recommendations" of a magistrate judge. Fed. R. Civ. P. (Emphasis added). The rule limits objections to specific findings and recommendations to effectuate the increase in judicial efficiency that the statute providing for the assignment of cases to magistrates was designed to bring about. *See McCarthy v. Manson*, 554 F. Supp. 1275, 1286 (D. Conn. 1982), *aff'd*, 714 F.2d 234 (2d Cir. 1983). In short, Rule 72 is not meant to provide litigants with another bite at the apple.

## HUGGINS'S OBJECTIONS ARE OVERRULED

Huggins appears to object to the Report's finding that he has not adequately alleged that the Defendants were personally involved in the alleged constitutional violations by asserting that the Defendants were generally aware of the conditions giving rise to his injuries through the

4

grievance procedure and failed to take action. (Objections at ¶ 23.) Huggins raised this argument in his initial pleadings. (Huggins Reply at 8.) The Report correctly determined that filing a grievance is insufficient to establish personal involvement of prison officials in an alleged violation of a constitutional right under Section 1983. (Report at 9-10.) Accordingly, Huggins's objection on this ground is overruled.

Huggins newly asserts that the Defendants negligently supervised their employees and failed to adequately train them, which led to the alleged deprivation of his constitutional rights. (Objections at ¶¶ 4, 8, 15, 29.) Although the Second Circuit has not settled whether a supervisor may be held individually liable where he exhibits gross negligence for constitutional violations inflicted by subordinates, *see Raspardo v. Carlone*, 770 F.3d 97, 116-17 (2d Cir. 2014), Huggins has not set forth any facts to support his allegation of negligence (let alone gross negligence). Even if Huggins had set forth sufficient facts to establish the Defendants' personal involvement, those allegations would have been insufficient to warrant the rejection or modification of any portion of the Report because it properly determined that Huggins had failed to establish an underlying cognizable claim.

The remainder of Huggins's objections are not objections at all, but instead allege new injuries to support his claims that the conditions of his confinement violated his constitutional rights. For instance, Huggins alleges that he slipped and fell upon stepping out of the shower because the Defendants had not provided adequate shower mats. (*Id.* at ¶¶ 12, 5, 13.)

This Court has reviewed the new allegations set forth in Huggins's latest filing to ensure that the Report's recommendation to dismiss the action with prejudice would not preclude Huggins from obtaining relief for an arguably meritorious claim asserting the denial or infringement of a constitutional right. Like the allegations raised in his previous filings, however, none of the

5

allegations raised in his most recent filing rise to the level of an Eight Amendment violation because they do not establish an "unquestioned and serious [deprivation] of basic human needs or a denial of the minimal civilized measure of life's necessities." *Williams v. Carbello*, 666 F. Supp. 2d 373, 378 (S.D.N.Y. 2009) (internal quotations and citations omitted).[4]

Huggins's objections are OVERRULED. The Report is adopted in its entirety. Huggins's Amended Complaint is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close the motion docketed at ECF No. 21.

Dated: February 18, 2016
      New York, New York

SO ORDERED.

FEB 18 2016

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

---

[4] In his objections, Huggins also attempted to modify the amount of damages sought from approximately $1,000,000 to $5,000,000. (*Compare* Amended Complaint at 5; Plaintiff's Reply Memoranda of Law, (ECF No. 29), at 7, *with* Objections at ¶¶ 21, 30, 35.)

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DIRAL HUGGINS,

    Plaintiff,

v.

COMMISSIONER, DORA SCHRIRO, and
WARDEN, CARLTON NEWTON,

    Defendants.

REQUEST FOR EXTENSION TO FILE OBJECTION TO THE DEFENDANT'S RECOMMENDATION AND MOTION.

14-CV-6468 (GBD)(JLC)

HON: GEORGE B. DANIELS

---

To: JAMES L. COTT, UNITED STATES MAGISTRATE JUDGE:
To: THE HON: GEORGE B. DANIELS

    Please be advised, that I am the above-named Plaintiff, in the above entitled action, pursuant to 42 U.S.C. 1983. And with all due respect, to the Court and parties to this Action.

    On or about November 23, 2015, I received a copy of the defendant's Report and Recommendation

(2)

Asking that the Court dismiss my Amended Complaint with prejudice, for which I respectfully object to wholeheartedly.

In addition, I furthermore wish to request the Court's permission for a timely extension for me to diligently and adequately respond to the defendant's Report and Recommendation.

Plaintiff, Diral Huggins, hereby respectfully asks for the Court and defendant's indulgence as a result of his incarceration and lack of access to the facility's Law Library, where plaintiff can acquire the required Legal Assistance necessary to serve an adequate and/or sufficient response to

(3)

Defendant's report and recommendation.

Furthermore, Plaintiff, Diral Huggins, asks this Court, to take into greater Considerations, that the Facility-Officials at his place of Confinement, has shut-down all facility Access to the Facility Law Library, as a direct result of thanksgiving day holiday. And in lieu of, the Court's rules pursuant to 28 U.S.C. 636(b)(1) and Rule 72(b) of the Federal Rules of Civil procedure, granting plaintiff Fourteen (14) Days to file my objections and reply.

Plaintiff, Diral Huggins, requests for January 5th, 2016, to serve his objections, because facility officials, also shuts-down all facility Activities for

(4)

The month of December/2015, For Two-weeks For Security Searches and/or purposes.

WHEREFORE, Plaintiff respectfully prays, that the Court, grants the herein requested extension of time and any other relief, this Court deems just and equitable under the herein Circumstances.

Date: NOV, 30, 2015

Respectfully Yours:

_____
Diral Huggins, # 15-A-0064
Auburn, Corr. Facility
135 State St., Box 618
Auburn, New York 13024

CC: James L. Cott
    Magistrate Judge

    Hon. George B. Daniels
    Southern District of N.Y.

    Evan Schnittman, Esq.
    Defendant's Attorney.

## AFFIDAVIT OF SERVICE

State of New York )
County of Cayuga ) ss.:

I, Diral Huggins, declare under the penalty of perjury, that...

On the below notary date, I served an exact same copy of the attached Notice of Motion, requesting an Extension of time to serve my Objections upon the below parties:

1). The Clerk of the Court
Magistrate Judge: James L. Cott
Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl St., Room-1360
New York, N.Y. 10007-1581

2). Evan Schnittan, Esq.
Corporation Counsel
Defendants Attorney
The City of New York
100 Church Street
New York, N.Y. 10007

Sworn to before me on 30 Day of November 2015

_____
NOTARY PUBLIC
JEFFREY A CASE N
Notary Public, State of New York
No. 01CA63?5226
Qualified in Cayuga County
Commission Expires June 15, 20__

Respectfully Yours:
_____
Diral Huggins, #15-A-0064
Auburn Corr. Facility
135 State St., Box #618
Auburn, N.Y. #13024